[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On March 13, 1987 the petitioner was arrested and charged with one count of possession of narcotics with intent to sell by a non-drug-dependent person in violation of Conn. Gen. Stat. Sec. 21a-278 (b), and one count of accessory to possession of heroin with intent to sell by a non-drug dependent person in violation of Conn. Gen. Stat. Sec. 53a-8. The petitioner was tried before a jury which found him guilty of possession of narcotics with intent to sell by a non-drug dependent person for which crime he was sentenced to the Commissioner of Corrections for a period of ten (10) years suspended after five (5) years with five (5) years probation. Holeman and a co-defendant, James Holder, were arrested after a New London police officer observed the petitioner and Holder, for about one hour, conducting what he believed to be drug transactions. This officer, named Discordia, testified at trial that for over an hour he observed the petitioner from a window at his office in the New London Police CT Page 4021 Department with the aid of binoculars conducting drug transactions. The time of these observations occurred between 9:30 A.M. and 10:40 A.M. on March 13, 1987. The policeman testified that the weather was clear.
Trial counsel was aware of the fact that the weather was reported to be not clear. At some point during the trial counsel obtained a weather report indicating that there was both fog and snow during the period of Discordia's observations. Trial counsel testified at the habeas proceedings that although he did have the weather report and the knowledge that the weather was overcast with intermittent snow showers, he chose not to pursue the issue. Walter Devanas, a meteorological consultant, testified for the petitioner that on the day in question the official United States Weather Report taken at the Groton/New London Airport in Groton, Connecticut, a town adjacent to New London where the alleged crime occurred, indicated that there was reduced visibility caused by snow and fog on the day in question. This weather report contained observations taken by the meteorologist every fifteen (15) minutes between 9:00 A.M. and 10:45 A.M. At best the visibility was reported to be six (6) miles and at its worst during the time in question visibility was reported to be one and one-half (1 1/2) miles. It is the petitioner's claim that had defense counsel pursued the weather report, while conducting cross-examination of the police officer, sufficient doubt would have been cast on Officer Discordia's testimony that would probably have resulted in a different verdict. Hence, he claims that there is a reasonable probability that the outcome of the case would have been different. The Court disagrees.
While Defense Counsel could have pursued the weather report, at least to the extent of using it to cross-examine Officer Discordia, the failure to do so did not satisfy either prong of Strickland.[1] The poorest visibility reported during Discordia's observations was one and one-half (1 1/2) miles. The distance from the Officer's observation point to the petitioner's location was six hundred (600) feet (approximately one-tenth (1/10) of one mile). Petitioner's expert could not state that the same weather conditions prevailing at the airport during the time of the officer's
observations, prevailed at the scene of the crime. The petitioner has failed to sustain the burden of proving that he was rendered ineffective assistance of counsel and denied his protections under the Sixth and Fourteenth Amendments of the United States Constitution and Article First, Section 8
of the Constitution of the State of Connecticut. CT Page 4022
The Petition for a Writ of Habeas Corpus is dismissed.
HON. HOWARD SCHEINBLUM, J. SUPERIOR COURT JUDGE